IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**WANDA MCKINNEY**     **PLAINTIFF**

**v.**     **No. 3:21-CV-115-SA-RP**

**NORTH PANOLA SCHOOL DISTRICT**     **DEFENDANT**

## REPORT AND RECOMMENDATION

This matter is before the court for consideration of plaintiff's application to proceed *in forma pauperis*. The court has reviewed the application and recommends that it be DENIED.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit of the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I,. DuPont de Nemours & Co.*, 335 U.S. 331 (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id.* at 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id.* Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id.* Courts evaluating applications to proceed *in forma pauperis* generally consider an applicant's employment, annual income, including the income of plaintiff and her spouse, expenses, and any other property or assets the individual possesses. *Bruton v. Colvin*, No. 4:14-CV-083, 2014 WL 840993, *1 (N.D. Tex. March 4, 2014).

Here, the information set forth in plaintiff's *in forma pauperis* application does not demonstrate her inability to pay. Rather, the application reflects that the net income for the household exceeds $40,000 per year. Docket 2, ¶2. This puts the plaintiff's net income well above the poverty level for a family of five.[1] Even if the court were to consider all the plaintiff's listed expenses mandatory, including $150 for T.V., her monthly net income exceeds her expenses by nearly $500. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) (finding that denial of motion to proceed *in forma pauperis* requires review of demands on plaintiff's financial resources, including whether expenses are discretionary or mandatory); *Johnson v. Cargill, Inc.*, No. 08-2052, 2008 WL 501341, at *1 (W.D. Tenn. Feb. 21, 2008) (denying motion to proceed *in forma pauperis* where the plaintiff's affidavit revealed that her household income exceeded reasonable monthly expenses).

In light of plaintiff's available income, the undersigned finds that plaintiff has not demonstrated that, because of her poverty, she is unable to pay for the costs of this litigation and still provide for herself. It is therefore RECOMMENDED that plaintiff's application be DENIED.

The plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure in the event that she desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen (14) days of this date and "a party's failure to file written objections to the proposed findings, conclusions and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[1] The Plaintiff's application lists four dependents but does not list any contribution amount for any of their support.

the district court . . . ." *Douglass v. United States Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted).

      **SO ORDERED**, this the 7th day of June, 2021.

                                      /s/ Roy Percy
                                      UNITED STATES MAGISTRATE JUDGE